UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10238-RWZ

SCOTT PEREIRA

v.

HAROLD W. CLARKE, *et al.*

ORDER

October 20, 2010

ZOBEL, D.J.

Plaintiff Scott Pereira, an inmate at the Massachusetts Correctional Institution at Cedar Junction ("Cedar Junction"), alleges that three correctional officers assaulted him. He sues the three officers, Christopher LeBlanc, Mario Bellini, and Leo Marchand, as well as the acting superintendent at Cedar Junction, Allison Hallet, and the Commissioner of the Massachusetts Department of Correction, Harold Clarke, under 42 U.S.C. §§ 1983, 1985, and 1986 for violation of his Eighth Amendment rights, and under Massachusetts law for the intentional tort of battery. The defendants move to dismiss.

**I.   Background**

The facts, according to the complaint, are that plaintiff stashed several sugar packets in his socks while eating breakfast in the prison cafeteria. On his way out of the cafeteria he was ordered by defendant LeBlanc, accompanied by defendants Bellini

and Marchand, into the staff bathroom to be strip searched.  He complied and the correctional officers discovered the sugar packets.

LeBlanc told plaintiff that he would thereafter be confined to his cell, and the two men exchanged verbal unpleasantries.  LeBlanc then punched plaintiff in the face.  Bellini and Marchand came forward and the three officers punched and kicked plaintiff repeatedly.  The beating continued after plaintiff fell to the floor in the fetal position, and it included a kick to the groin.  Plaintiff was then handcuffed and leg shackled, dragged out of the bathroom, slammed head first into a wall, slammed head first into a door, and briefly lost consciousness before he was taken to the prison infirmary.  He also says that when Marchand removed the handcuffs in the prison infirmary he did so "violently" causing "excruciating pain."

## II.   Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted).  The facts must allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct.  Id.  A simple recitation of elements, or statements of legal conclusion, will not suffice.  Id.

### A.   42 U.S.C. §§ 1985 and 1986

A claim under § 1985 requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."  Kush v. Rutledge, 460 U.S. 719, 726 (1983) (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Section 1986 claims require, as a predicate, a violation of § 1985.  The complaint does not allege any class-based motive for defendants' conduct, so it fails to state a claim under either statute.

**B.     Defendants Clarke and Hallet**

Plaintiff's § 1983 claim against Clarke and Hallet is premised on a theory of supervisory liability.  (Compl. ¶ 33-35, Docket # 1.)  A supervisor is liable under § 1983 for the acts of a subordinate "only if (1) the behavior of [the] subordinates results in a constitutional violation and (2) the supervisor's action or inaction was affirmatively linked to the behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence of the supervisor amounting to deliberate indifference."  Welch v. Ciampa, 542 F.3d 927, 937 (1st Cir. 2008) (internal quotation marks, emphasis, and alterations omitted).  The complaint contains only general allegations regarding a failure to discipline the three defendant correctional officers and prevent abuse of prisoners.  It does not state a plausible § 1983 claim for supervisory liability against Clarke and Hallet.

The elements of the intentional tort of battery are (1) intent to cause a harmful or offensive contact with a third person; and (2) harmful or offensive contact results.  Restatement (Second) of Torts § 13 (1965), cited in Waters v. Blackshear, 591 N.E.2d 184, 185 (Mass. 1992).  The complaint does not allege that Clarke or Hallet intended that the beating occur, so it fails to state a claim for battery.

**C.     Eighth Amendment**

3

The Eighth Amendment prohibits the use of force by a state actor in a malicious or sadistic attempt to cause harm. Hudson v. McMillian, 503 U.S. 1, 7 (1992). The correctional officer defendants are alleged to have punched and kicked plaintiff while he was naked and defenseless, before handcuffing him and ramming his head into a door and wall with such force that he was knocked unconscious. These allegations create a plausible inference of sadistic intent.

Defendants argue that the injuries were so de minimis that, as a matter of law, there was no Eighth Amendment violation. The de minimis exception is a narrow one, focusing on the force used rather than the injury, and it applies only when the use of force "is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10; see Lewis v. Downey, 581 U.S. F.3d 467, 475 (7th Cir. 2009) (identifying pain as "the barometer by which we measure claims of excessive force," and holding that a Taser shock is not de minimis force). It does not excuse a sustained physical beating, including a kick to the groin, that ultimately left plaintiff unconscious.

### D.  Qualified Immunity

The qualified immunity analysis is a two-part inquiry: (1) do the facts make out a constitutional violation; (2) was the right clearly established at the time of the violation. Maldonado v. Fontanes, 568 F.3d 263, 268-69 (1st Cir. 2009). The second part of the inquiry has itself two aspects. The first focuses on the clarity of the law at the time of the violation and the second on whether a reasonable official would have understood that the conduct violated the right. Id. at 269.

As discussed above, the alleged facts set forth an Eighth Amendment violation.

It is well established, not least by the Supreme Court Hudson decision already cited, that a correctional officer cannot use force in a sadistic attempt to cause harm. A reasonable officer would understand that the beating described in the complaint, administered to this naked and helpless plaintiff, violated his Eighth Amendment right. Defendants are not entitled to qualified immunity.

### E.   Official Capacity

Defendants cannot be sued in their official capacity for money damages. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

## III.   Conclusion

Defendants' motion to dismiss (Docket # 20) is ALLOWED as to the 42 U.S.C. §§ 1985 and 1986 claims, the claims against Hallet and Clarke, and the claim for damages against LeBlanc, Bellini, and Marchand in their official capacity, and DENIED as to the § 1983 and intentional tort claims against LeBlanc, Bellini, and Marchand for damages in their individual capacity and for equitable relief.

|   October 20, 2010   |   /s/Rya W. Zobel   |
|---|---|
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |