UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10238-RWZ

SCOTT PEREIRA

v.

HAROLD W. CLARKE, *et al.*

ORDER

July 3, 2012

ZOBEL, D.J.

      The background and genesis of this case are set forth in the court's ruling dated October 20, 2010 (Docket # 38). Briefly, plaintiff alleges that defendants, correctional officers at Massachusetts Correctional Institution at Cedar Junction, Christopher LeBlanc, Leo Marchand and Mario Bellini, used excessive force during a strip search prompted by plaintiff's pilfering sugar packets from the prison "chow hall" leaving plaintiff badly injured and bruised. Defendants have moved for partial summary judgment arguing that Officer Bellini's involvement in the alleged altercation was <u>de minimis</u> and cannot sustain a § 1983 claim or state tort claim for assault and battery.[1]

---

[1] Defendants also move to dismiss plaintiff's claims for "inadequate medical care" and asserts qualified immunity as to all defendants. First, plaintiff has not raised claims against the correctional officers for inadequate medical care. Second, defendants' assertion of qualified immunity was raised and dismissed in the October 20, 2010, order. Nothing in the papers calls for reconsideration.

Although the parties dispute the precise nature of Officer Bellini's conduct, they do not dispute his presence during the altercation. Plaintiff contends that at a minimum Officer Bellini's failure to act can subject him to liability under § 1983.  Plaintiff is correct.  See Gaudreault v. Municipality of Salem, Massachusetts, 923 F.2d 203, 207 n.3 (1st Cir. 1990) (assuming a realistic opportunity to react "An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance.").

Significantly, as mentioned above, there is also a dispute of material fact as to Officer Bellini's active involvement. Plaintiff contends that he can deduce by process of elimination that Officer Bellini brought him to the ground during the kerfuffle (as he was watching the other two officers punch and kick him at the time), Officer Bellini, on the other hand, asserts he did not.

For all the above reasons, defendants' motion for partial summary judgment is DENIED (Docket # 38).

|     July 3, 2012     |       /s/Rya W. Zobel      |
|:---:|:---:|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |